**ST. LOUIS COUNTY, Missouri, Plaintiff-Appellant,**

v.

**Sidney L. TURPIN and Mary I. Turpin, Defendants-Respondents.**

No. 47674.

Missouri Court of Appeals, Eastern District, Division One.

June 12, 1984.

Thomas W. Wehrle, County Counselor, Clayton, for plaintiff-appellant.

J. Justin Meehan, St. Louis, for defendants-respondents.

MANFORD, Judge.

This is a direct appeal by St. Louis County from a judgment denying injunctive relief for the alleged violation of a county zoning ordinance. The judgment is reversed and the cause is remanded to the circuit court with directions.

While appellant-St. Louis County presents three alleged errors, this court, for the purpose of disposition of this ap-

peal, takes up only one in which it is charged that the trial court erred in its entry of judgment for respondent because respondent bore the burden of proof relative to the existence of a nonconforming use, and respondents neither pleaded nor proved the existence of a lawful nonconforming use.

In summary, the facts are as follows.

Respondents are the owners of property in an unincorporated sector of St. Louis County, commonly referred to as 2194 Green Slope Drive. Respondents purchased said property in 1977 and at the time, there was a shed in dilapidated condition at the rear of said property. In 1979, respondents built a larger structure. During construction, respondents engaged in a conversation with an adjoining neighbor, who suggested that the new structure was too close to the property line.

On December 22, 1982, St. Louis County adopted Ordinance No. 10,889. In that ordinance is found subsection 1003.113 7(3)(b) and (c), which provide that no structure shall be located within ten feet of a side property line and within fifteen feet of a rear property line. The evidence reveals that respondents' structure is between 3.77 and 3.46 feet from the side property line, and between 12.49 and 12.68 feet from the rear property line. The location of the structure relative to the applicable property lines was established by a survey.

 Appellant-county sought injunctive relief, requesting the trial court to order respondents to remove the structure to conform to the county ordinance. The trial court denied the requested relief, ordering judgment for respondents, and in its judgment declared that appellant-county had failed to establish that the above ordinance was in effect in 1979 and further questioned the appellant-county's standing to enforce said ordinance by way of injunctive relief. This appeal followed.

The net effect of the trial court's judgment was to shift the burden of proof for a nonconforming use to the appellant-county. This was error. The appellant-county properly introduced the existing ordinance. If respondents desired to establish a nonconforming use, they bore the burden to plead and prove the same. *Schaefer v. Neumann*, 561 S.W.2d 416 (Mo.App.1977). In their proof, respondents also bore the burden of proving the use was lawful. In the instant case, there is no evidence that the structure was lawfully located at anytime. See also *Kansas City v. Wilhoit*, 237 S.W.2d 919 (Mo.App.1951), *Missouri Rock, Inc. v. Winholtz*, 614 S.W.2d 734 (Mo.App. 1981).

 At the point in the trial of this matter that appellant-county introduced the ordinance and established that respondents' structure was located in violation of that ordinance, appellant-county had made a prima facie case. If desirous of establishing a "nonconforming use", respondents bore the burden of proving same. A nonconforming use has been defined as the use of land, a building or a premises lawfully existing prior to the adoption of a zoning restriction and which, after the effective date of the zoning restriction, is maintained even though it fails to comply with the zoning restriction. *Missouri Rock Inc., supra.* Protection of a "nonconforming use" will be afforded only if it be proven that such was lawfully established and continued as such prior to the effective date of the applicable zoning restriction. *State ex rel. National Advertising Co. v. State Highway Commission*, 624 S.W.2d 453 (Mo.App. 1981). Respondent offered no proof that the location of the structure was lawful at anytime.

The judgment of the circuit court is erroneous and is reversed. This cause is remanded to the circuit court with directions to enter its judgment in the form of a mandatory injunction ordering respondents to, in turn, move their structure so that the location of same shall be in conformity with the applicable county zoning ordinance.

SNYDER, P.J., and STEWART, J., concur.