The **VILLAGE OF COTTLEVILLE,**
Plaintiff–Appellant,

v.

**STAR CONCRETE COMPANY,** James D. Callahan and Erma J. Callahan,
Defendants–Respondents.

No. 54494.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 27, 1988.

Norman C. Steimel, St. Charles, for plaintiff-appellant.

John T. Bruere, Timothy A. Graham, St. Charles, for defendants-respondents.

REINHARD, Judge.

Plaintiff appeals from the trial court's order sustaining defendants' motion for judgment on the pleadings. We reverse and remand.

Plaintiff filed a petition in three counts seeking to enjoin the operation of a concrete batch plant. Count III alleged nuisance for which judgment was rendered for defendants. The judgment on Count III was not appealed. Counts I and II both allege violations of plaintiff's zoning ordinances and are the subject of this appeal. Count I avers that the *operation* of the concrete batch plant violates plaintiff's zoning ordinances. Count II alternatively pleads that *changes* in the operation of the concrete batch plant subsequent to enactment of plaintiff's zoning ordinances violates one of the ordinances.

Both Counts I and II allege that the plant began operating prior to adoption of the zoning ordinances and defendants' operation of the batch plant "has at all times referred to herein been unlawful."

Defendants raised the affirmative defense of nonconforming use to both Counts I and II; defendants moved for judgment on the pleadings as to Count I, and during the hearing on the motion, amended it by interlineation to include Count II. In their motion they alleged plaintiff admitted in its petition the concrete batch plant was in operation before the zoning ordinances were enacted and that this established their defense:

> Plaintiff admits in its pleadings that the ordinances which Defendants are charged with violating were passed after Defendants were operating their business. By Plaintiff's own admission, Defendants' use of the property is a pre-existing nonconforming use. It has been universally accepted by the Missouri courts that a *lawful business* in existence prior to the passage of a zoning ordinance is exempt from application of that ordinance as a nonconforming use.

(Emphasis ours.)

It appears from the transcript of the argument to the trial court the court believed plaintiff had not pleaded sufficient facts to support its allegation that the batch plant was operating unlawfully before the ordinances were passed. The court sustained defendants' motion and entered judgment for defendants on both counts. Plaintiff appeals.

Plaintiff pleaded a case for injunctive relief in Count I when it incorporated its applicable zoning ordinances into its petition and alleged usage of the land in violation of those ordinances. *St. Louis County v. Turpin,* 672 S.W.2d 391, 392 (Mo.App. 1984). Defendant then had the burden of pleading nonconforming use as an affirmative defense. *Id.* To establish nonconforming use as a defense defendant had the burden of *pleading* and proving (1) the use existed before the enactment of the ordinances and (2) *the use was then lawful. Id.* As was said by the Supreme Court of

Georgia in *Ralston Purina Company, Inc. v. Acrey*, 220 Ga. 788, 142 S.E.2d 66, 69 (1965), "[E]ven a nonconforming use would not be protected unless it appeared that it was lawful at its inception. Clearly, such a matter is within the province of the defensive pleadings and that plaintiff is not required to negative this possible defense." The court's apparent view that plaintiff's pleadings were deficient on the *lawfulness issue* overlooks long existing law. Whether plaintiff's allegation on that issue is factually insufficient is irrelevant.

The lawfulness of the use of realty or the buildings thereon which arose before the enactment of ordinances prohibiting that use, is a question of fact. *Schaefer v. Neumann*, 561 S.W.2d 416, 422 (Mo.App. 1977). "A motion for judgment on the pleadings should not be sustained where a material issue of fact exists." *Madison Block Pharmacy, Inc. v. United States Fidelity and Guaranty Company*, 620 S.W.2d 343, 345 (Mo. banc 1981). Defendants' affirmative defense raises a material question of fact on the issue of lawfulness. Therefore, the trial court erred in sustaining defendants' motion for judgment on the pleadings as to Count I on the basis that plaintiff had not properly pleaded that defendants' use of the property was unlawful prior to the enactment of the zoning ordinances.

As stated above, plaintiff alternatively pleaded in Count II that in addition to the unlawfulness of defendants' use from its inception, changes were made in that use subsequent to the enactment of the zoning ordinances and that these changes in use violated its ordinances. Plaintiff's motion for judgment on the pleadings attacked only the lawfulness of the use before the zoning ordinances were enacted; thus, the trial court erred in granting judgment on the pleadings as to Count II.

Reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.