**CITY OF BLUE SPRINGS, Missouri, Respondent,**

v.

**Terry L. GREGORY, Appellant.**

**No. WD 40401.**

Missouri Court of Appeals, Western District.

Dec. 6, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1989.

John C. Russell, Raytown, for appellant.

Thomas C. Locke, Independence, for respondent.

Before FENNER, P.J., and GAITAN and MANFORD, JJ.

FENNER, Judge.

This appeal arises out of the conviction of appellant, Terry L. Gregory, for violation of a municipal ordinance. Appellant was convicted of violating zoning ordinance number 1581 of the City of Blue Springs in the Blue Springs Municipal Division of the Circuit Court of Jackson County. Upon appeal of his conviction in the Municipal Division, appellant's conviction was upheld in circuit court. Appellant now seeks to have his conviction overturned by this court.

Zoning ordinance number 1581 became effective January 1, 1987, and prohibited the parking or storing of any commercial vehicle over six tons within districts zoned R–1, R–2, R–3 and R–4, except when the vehicle was parking temporarily while making pickups or deliveries. Prior to the effective date of zoning ordinance number 1581 the City of Blue Springs only prohibited the on-street parking of commercial vehicles.

Appellant is a self-employed truck driver and he has parked the tractor of his commercial truck in his residential driveway for the last fourteen years.

Appellant does not dispute the fact that technically he violated ordinance number 1581. Appellant argues rather that he has a constitutionally protected, vested right to continue parking his commercial vehicle in his residential driveway. Appellant's position is that the ordinance is unreasonable as applied to him in that his use of the commercial vehicle for fourteen years prior to the enactment of zoning ordinance number 1581 created a vested right which cannot be disturbed by a retrospective law or one failing to recognize a non-conforming use.

A non-conforming use is a use of land that existed prior to the enactment of a zoning ordinance and which is maintained after the effective date of the ordinance even though the use is not in compliance with the use restrictions imposed by the ordinance. *Missouri Rock Inc. v. Winholtz*, 614 S.W.2d 734, 739 (Mo.App.1981). A non-conforming use is a vested property right that zoning ordinances generally may not abrogate. *Id.* Although zoning ordinances generally may not abrogate vested property rights, all property is held subject

to the valid exercise of the police powers of the government and whatever burden may be imposed by the state for the enforcement and protection of the rights of all. *Abbott v. Marion Mining Co.*, 255 Mo. 378, 164 S.W. 563, 564 (1914); *Bellerive Inv. Co. v. Kansas City*, 321 Mo. 969, 13 S.W.2d 628, 634 (1929). Zoning regulations have been held to constitute legitimate exercise of police powers. *Fleming v. Moore Brothers Realty Co.*, 363 Mo. 305, 251 S.W. 2d 8, 15 (1952). An ordinance enacted by the legislative body of a city pursuant to the exercise of police power is presumed to be valid. The person (or persons) challenging the constitutionality of the ordinance has the burden of proving unreasonableness. *Home Bldrs. Ass'n, Etc. v. City of Kansas City*, 555 S.W.2d 832, 835 (Mo. banc 1977).

■ The question that presents itself in the case at bar is the same as in *Bellerive, supra*, that is, whether the ordinance in question is fairly referable to a legitimate exercise of police power. The test, as stated by the Missouri Supreme Court in *Bellerive*, 13 S.W.2d at 634, is whether the expressed requirements or regulations of an ordinance have a substantial and rational relation to the health, safety, peace, comfort and general welfare of the inhabitants of the municipality. It was also held in *Bellerive* 13 S.W.2d at 634–635, that an ordinance which prescribes a police regulation need not recite the fact that it is enacted in pursuance of the police power of the municipality.

*Bellerive* involved a question of the validity of a city ordinance regulating parking on private property the same as in the case presently before this court. In *Bellerive* the City of Kansas City, Missouri, passed an ordinance that prohibited the parking of more than three automobiles inside any structure used for living and sleeping. At the time the ordinance was enacted the appellants' apartment buildings, where people lived and slept, had long been used for parking of more than three automobiles inside of the buildings and under the living quarters. The ordinance prohibited the appellants from using their buildings as they

had in the past. The ordinance was attacked under several constitutional theories including a retrospective law theory as is advanced by appellant herein. The court in *Bellerive* upheld the ordinance as being a legitimate exercise of police powers. The ordinance was found to be fairly referable to the exercise of police powers because of the increased threat of fire and smoke present by the storing of automobiles in the manner prohibited by the ordinance, the extreme hazards and difficulty in fighting such a fire and the increased possibility of the destruction of buildings.

■ In the case at bar there are obvious interests which relate to the health, safety, peace, comfort and general welfare of the inhabitants of the City of Blue Springs effected by ordinance number 1581. Among the interests in controlling the parking of commercial vehicles over six tons in residential areas are the following: controlling their operation on residential streets for other than business purposes; decreasing the opportunity for such vehicles to serve as an attractive nuisance to children; controlling the increased dangers that such vehicles present by virtue of their generally large capacity for storing highly flammable fuel; and, minimizing the potential of such vehicles to restrict visibility on residential streets depending upon where they might be parked on a given piece of property.

Zoning ordinance number 1581 of the City of Blue Springs is fairly referable to the police powers of the City of Blue Springs and, therefore, does not violate a vested right of appellant by means of a retrospective law or one failing to recognize a non-conforming use as argued by appellant herein.

JUDGMENT AFFIRMED.

GAITAN, J., concurs.

MANFORD, J., dissents in separate opinion.

MANFORD, Judge, dissenting.

I must respectfully dissent.

While the majority herein clearly defines the parameters of municipal police powers, that definition is based upon presumed elements of safety, health, and the general welfare of its residents.

There is nothing in the evidence herein upon which the police powers of respondent can be based. The record discloses that for 14 years, appellant parked the vehicle upon his own property and in no manner jeopardized the health, safety, or general welfare of his fellow citizens.

It is one thing to profess municipal powers upon broad general principles; it is yet another to allow the exercise of those powers in the absence of a showing of need. The majority opinion herein has done nothing more than reflect the never-ending march toward the concept that merely because some unit of government declares something, that declaration is correct. Respondent should have shown, and in this case has failed to show, the need for such an ordinance to be applicable to appellant.

This judgment should be reversed and the proceedings against appellant dismissed with prejudice.