STATE of Missouri ex rel. Yolanda
D. WEBB, Appellant,

v.

HARTFORD CASUALTY INSURANCE
COMPANY, Respondent.

No. WD 52929.

Missouri Court of Appeals,
Western District.

May 13, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 1, 1997.

Application for Transfer Sustained
Aug. 19, 1997.

Case Retransferred Dec. 23, 1997.

Court of Appeals Opinion Readopted
Jan. 5, 1998.

stances create a plausible justification for the passenger's assist[ance]," he is merely interfering.

Dale K. Irwin, Slough, Connealy, Irwin & Madden, Kansas City, for appellant.

Keith Witten, Sandler, Balkin, Hellman, Weinstein & Witten, Kansas City, for respondent.

Before HANNA, P.J., and ELLIS and LAURA DENVIR STITH, JJ.

ELLIS, Judge.

On or about September 8, 1994, Yolanda D. Webb agreed to purchase an automobile from Michael Smith d/b/a One Way Automotive Plaza for $5,000, which she borrowed from her credit union and paid to Smith. When Smith failed to obtain and deliver the promised car, Webb filed suit against him in the Circuit Court of Jackson County, Missouri. Count I of her petition alleged fraud, and Count II alleged a violation of the Merchandising Practices Act, § 407.020.[1] Webb's petition prayed for the return of her $5,000, the interest she incurred on her loan, and her attorney fees. Following trial, the trial court entered judgment against Smith on Count II and awarded Webb $6,996.44 in damages, pursuant to § 407.025.1.[2] These damages included the car's $5,000 purchase price, $246.44 in interest on the loan, and $1,750 in attorney fees.

As required of all used car dealers in Missouri, Smith had secured a Motor Vehicle Dealer Bond in the sum of $25,000 from Hartford naming One Way Automobile Plaza as the principal and the State of Missouri as the obligee ("the bond"). § 301.560.1(4).[3]

---

1. All references are to RSMo 1994, unless otherwise noted.

2. Pursuant to § 407.025.1:

   any person who purchases ... goods primarily for personal, family, or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as result of the use or employment by another person of a practice declared unlawful by section 407.020, may bring a private civil action ... to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

3. Section § 301.560.1(4) provides:
   1. In addition to the application forms prescribed by the commission, each applicant shall submit the following to the commission:
   % ZA
   (4) Every applicant as a new motor vehicle franchise dealer, a used motor vehicle dealer, a wholesale motor vehicle dealer, or boat dealer shall furnish with the application a corporate surety bond or an irrevocable letter of credit as defined in section 400.5–103, RSMo, issued by any state or federal financial institution in the penal sum of twenty-five thousand dollars on a form approved by the commission. The bond or irrevocable letter of credit shall be conditioned upon his complying with the provisions of the statutes applicable to new motor vehicle franchise dealers, used motor vehicle dealers, wholesale motor vehicle dealers and boat dealers, and the bond shall be an indemnity for any loss sustained by any person by reason of the acts of the person bonded when such acts constitute grounds for the suspension or revocation of his license. The bond shall be executed in the name of the state of Missouri for the benefit of any aggrieved party or the irrevocable letter of credit shall name the state of Missouri as the beneficiary; except, that the aggregate liability of the surety or financial institution to the aggrieved party shall, in no event, exceed the amount of the bond or irrevocable letter of credit. The proceeds of the bond or irrevocable letter of credit shall be paid upon receipt by the commission of a final

Under the bond, Hartford agreed to indemnify:

> ... any person dealing or transacting business with the principal for any loss sustained by any person by reason of the acts of principal provided such acts of principal constitute grounds for suspension or revocation of Principal's registration....

In accordance with § 301.560.1(4), Webb sent a copy of the judgment against Smith to the Missouri Motor Vehicle Commission for collection under the bond. The Commission's Executive Director advised Hartford that Smith's conduct would result in the suspension or revocation of One Way Automotive's operating license pursuant to §§ 301.562.2(5) and (12), and that the claim was, therefore, payable under the bond. Hartford paid Webb the car's purchase price of $5,000, but refused to pay the interest and attorney fees.

On October 27, 1995, Webb filed suit in the Circuit Court of Jackson County, Missouri, against Hartford to recover the interest and attorney fees, as well as any additional interest, penalties and attorney fees provided for under § 375.420, Missouri's vexatious refusal statute. Both parties stipulated to the facts and moved for summary judgment.[4] The court granted summary judgment to Hartford on all issues. Webb appeals claiming she, rather than Hartford, was entitled to summary judgment as a matter of law.

Appellate review of the propriety of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. *Id.* We will affirm the granting of summary judgment when no genuine issues of material

fact exist and the movant has a right to judgment as a matter of law. *General Motors Corp. v. Kansas City*, 895 S.W.2d 59, 61 (Mo.App. W.D.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 277, 133 L. Ed.2d 197 (1995). Because the case was submitted on a set of stipulated facts and no factual issues remain in dispute, we consider only whether the judgment is correct as a matter of law.

The parties asked the circuit court to determine whether, as a matter of law, Hartford was liable under the terms of the bond for the interest Webb incurred on the loan she secured to purchase the car and the attorney fees she incurred in obtaining the judgment against Smith. The court excluded these sums from the scope of the bond, stating that:

> "[t]he $5,000 was clearly obtained by one or all of those means. Mr. Smith did not, however, obtain the interest Plaintiff has paid. It was paid to a lending institution by Plaintiff. Similarly, the attorney's fees are not money Mr. Smith obtained."

Webb contends the court's interpretation is erroneous in that it ignores the plain language of the bond which provides for the indemnity of "any loss sustained," and instead substitutes the words, "any money obtained by the dealer."

■■ "General principles of surety law dictate that the liability of a surety is coextensive with that of its principal." *City of Kansas City ex rel. Jennings v. Integon Indem. Corp.*, 857 S.W.2d 233, 236 (Mo.App. W.D.1993). Consequently, the rights and liabilities of a surety are measured by those of the principal in the absence of an agreement to the contrary. *Id.*

■■ Under the terms of the bond, Hartford was obligated to indemnify Webb for any loss she sustained as a result of Smith's fraudulent acts.[5] Compensation for loss is in

---

judgment from a Missouri court of competent jurisdiction against the principal and in favor of an aggrieved party;

4. *The parties further stipulated that the facts were true and required no additional proof. The parties declined to present any additional evidence in regard to the issues presented.*

5. Smith was guilty of "obtaining or attempting to obtain any money, commission, fee, barter, exchange or other compensation by fraud, deception or misrepresentation." § 301.562.2(5). Hartford does not dispute that Smith's conduct would result in the suspension or revocation of One Way Automotive Plaza's operating license under § 301.562.2(5).

the form of actual damages. *Haynam v. Laclede Elec. Co-op., Inc.*, 889 S.W.2d 148, 153 (Mo.App. S.D.1994) (quoting *Chappell v. City of Springfield*, 423 S.W.2d 810, 812 (Mo. banc 1968)). Therefore, Webb was entitled to recover her actual damages (losses) sustained as a natural, necessary, and logical consequence of Smith's fraudulent representation. *See Parsons Constr. Co. v. Missouri Pub. Serv. Co.*, 425 S.W.2d 166, 173 (Mo. banc 1968). Webb maintains that the interest she incurred on her car loan and the attorney fees she incurred in suing Smith to recover her money were sustained as a direct and proximate result of Smith's fraudulent conduct. We agree.

In reliance upon Smith's representation that he would obtain and deliver a 1994 Geo Prism for $5,000, Webb obtained a loan in that amount and paid Smith in full. Smith never produced the agreed upon car and, despite repeated demands, refused to return Webb's money. The interest on the loan constituted a loss to Webb in that she was responsible for the interest even though she had use of neither the car nor the money. This loss was a natural consequence of Smith's fraudulent representation and, therefore, was recoverable under the bond. *Parsons*, 425 S.W.2d at 173.

Similarly, Hartford must indemnify Webb for the attorney fees she incurred in recovering her money from Smith. Each dealer is required by statute to secure a bond to indemnify *"any loss"* sustained as a result of an act by the dealer which constitutes grounds for suspension or revocation of its license. § 301.560.1(4). In order to collect the proceeds of the bond from the surety, the statute requires the injured party to obtain a final judgment against the dealer from a Missouri court of competent jurisdiction. § 301.560.1(4). Thus, the statute which requires the bond, and specifies what the bond must cover, contemplates that the injured party will necessarily incur attorney fees in obtaining the required judgment against the dealer. It is undisputed that Hartford issued the bond to enable Smith to comply with the

provisions § 301.560.1(4). Consequently, it is clear the parties intended that attorney fees be a "loss" subject to the bond's indemnity. *See Lake Ctr. Boatworks, Inc. v. Martin*, 804 S.W.2d 842, 845 (Mo.App. E.D.1991); *International Minerals & Chem. v. Avon Prods.*, 889 S.W.2d 111, 115–16 (Mo.App. E.D.1994).

Hartford nevertheless claims this case is governed by *Frank A. Marcomb v. Hartford Fire Ins. Co.*, 934 S.W.2d 17 (Mo.App. W.D. 1996). In *Marcomb*, suit was brought against an auto dealer for injuries sustained during the wrongful repossession of a car he had purchased. The trial court entered a default judgment against the dealer for $40,000 in actual damages, $10,382.05 in attorney fees, $800.01 in costs and expenses, and $60,000 in exemplary damages. The dealer had a Motor Vehicle Dealer Bond required by § 301.560.1(4) issued by Hartford Fire Insurance Company. Marcomb sought payment of the judgment from Hartford pursuant to the terms of the bond.[6] Because the dealer failed to convey the car's title to Marcomb and failure to convey title constitutes grounds for suspension or revocation of a dealer's license under § 301.562.2(5), Hartford paid Marcomb $1350, representing the cash payments Marcomb had made on the car ($1150) and the value of the car ($200). However, Hartford refused to pay the remainder of the damages because they were unrelated to the value of the automobile.

Marcomb sued Hartford for vexatious refusal to pay the judgment claiming that Hartford was obligated under the bond to indemnify him for all losses suffered from the repossession. The trial court concluded that Hartford was not responsible for the damages Marcomb sustained during the repossession because the acts complained of did not constitute grounds for suspending or revoking a motor vehicle dealer's license under § 301.562.2.[7] On appeal, this court affirmed, holding that Hartford was "not liable for the damages Marcomb suffered when the repossession agents hit him with the car because the statute did not make such an act

---

**6.** The *Marcomb* bond tracks § 301.560.1(4) and the bond in this case nearly verbatim.

**7.** Section 301.560.1(4) presumes judgment on a ground for which the bond makes the surety liable. *Marcomb*, 934 S.W.2d at 19.

a ground for license suspension or revocation." *Marcomb*, 934 S.W.2d at 19. It is axiomatic that if the act complained of is not a ground for license suspension or revocation under § 301.562.2, it cannot be the basis for recovery of attorney fees incurred in bringing suit. Thus, the *Marcomb* court properly held that Marcomb was not entitled to collect his attorney fees incurred in securing judgment for damages he sustained when the repossession agents hit him with the car.

Nevertheless, *Marcomb* recognized that Missouri courts generally permit recovery of attorney fees if "a statute or a contractual provision allows for their recovery." *Id.* As we have previously noted, § 301.560.1(4) contemplates that an injured party will incur attorney fees in obtaining the required judgment against the dealer, and therefore implicitly authorizes recovery of those fees, as does the bond issued by Hartford to Smith pursuant to the statute. Consequently, contrary to Hartford's assertion, *Marcomb* is not on point and is not controlling in the instant appeal. In this regard, we take judicial notice of the fact that Hartford opposed consolidation of the appeals in *Marcomb* and the case at bar "[b]ecause of the significant differences in the issues involved in the two cases."

■ In her final point, Webb contends the trial court erred in finding that Hartford's refusal to pay her attorney fees and loan interest did not constitute vexatious refusal to pay. Section 375.420, which applies to suit on surety bonds, provides:

> In any action against any insurance company to recover the amount of any loss under a policy of ... indemnity ..., if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee[.]

§ 375.420; *See Housing Auth. of Clinton v. Baumann*, 512 S.W.2d 436, 440 (Mo.App. W.D.1974). We strictly construe § 375.420, because it is penal in nature. *Id.*

■ An insurer is permitted to question or contest its liability if it has reasonable cause to believe, and does believe, that it has no liability under the policy and that it has a meritorious defense. *Groves v. State Farm Mut. Auto. Ins. Co.*, 540 S.W.2d 39, 42 (Mo. banc 1976). Only when the insurer continues to refuse to pay after the insurer has become aware that it lacks a meritorious defense does it becomes liable for vexatious delay. *Morris v. J.C. Penney Life Ins. Co.*, 895 S.W.2d 73, 76 (Mo.App. W.D.1995). However, "[t]he existence of a litigable issue does not preclude a vexatious penalty where there is evidence that the insurer's attitude was vexatious and recalcitrant in refusing the claims." *Id.*

■ In this case, Hartford advised Webb it was denying her claim for attorney fees and interest because after "reviewing the statute which our bond is written pursuant to, and current case law, attorney fees are an indirect or consequential loss which is not included as a covered loss under the applicable Missouri statute." On appeal, Webb argues that "the plain language of the statute, the bond and the cases ... all clearly support the bond's coverage of attorney fees and interest." However, Webb is unable to direct us to any Missouri case specifically holding that attorney fees and interest awarded in an underlying action against a car dealer are recoverable out of the car dealer's bond. Having found no cases directly on point, we are unconvinced that Hartford's position that the scope of the bond did not extend to cover attorney fees and interest was not reasonably litigable.

Moreover, there is no evidence Hartford was vexatious and recalcitrant in handing Webb's claim. *Morris*, 895 S.W.2d at 77. In order to penalize Hartford under § 375.420, Webb must show Hartford's refusal to pay the attorney fees and interest was willful and without reasonable cause as the facts would appear to a reasonable person at the time of the refusal. *Id.* at 76. All evidence submitted on the issue of vexatious refusal was included in the parties' Stipulation; no additional evidence was presented to the court.

The facts in the stipulation are insufficient to establish that Hartford, in bad faith and without reason or justification, denied Webb's claim. Moreover, the fact that Hartford stipulated to the facts and issues involved in this case indicates its willingness to cooperate and timely resolve Webb's claim. The trial court properly granted summary judgment in favor of Hartford on this issue.

The trial court erred in granting summary judgment in favor of Hartford on Webb's claims against Hartford for recovery of attorney fees and interest awarded to her in the underlying judgment against Hartford's principal, and that part of the judgment is hereby reversed. The trial court likewise erred in denying Webb's motion for summary judgment on her claims against Hartford for recovery of $246.44 in interest and $1750.00 in attorney fees awarded to her in the underlying judgment against Hartford's principal. As we have determined Webb is entitled to judgment against Hartford for the interest and attorney fees as matter of law, and the amounts are not in dispute, for the sake of judicial economy, we remand the case to the trial court with directions to enter judgment in favor of Webb and against Hartford for recovery of the $246.44 in interest and $1750.00 in attorney fees awarded to her in the underlying judgment against Hartford's principal. And finally, we affirm the trial court's grant of summary judgment to Hartford on Webb's claim for additional interest, penalties and attorney fees pursuant to the vexatious refusal statute, § 375.420.

All concur.