**WESTERN SURETY COMPANY,
Plaintiff,**

v.

**INTRUST BANK, N.A., et al.,
Respondent–Appellant,**

**Robert Hernandez, Appellant–
Respondent.**

**Nos. WD 57219, WD 57179.**

Missouri Court of Appeals,
Western District.

June 20, 2000.

Steven A. Mauer, Kansas City, for respondent–appellant.

Dale K. Irwin, Kansas City, for appellant–respondent.

Before BRECKENRIDGE, C.J., SPINDEN and HOWARD, JJ.

PER CURIAM.

Western Surety Company, as surety, brought an interpleader action seeking to determine the rights of opposing claimants to a twenty-five thousand dollar ($25,000) motor vehicle dealer bond. VanFran, Inc., d/b/a Car–Biz (Car–Biz), a motor vehicle dealership doing business in Missouri, was principal under the bond agreement. Intrust Bank, N.A., and Robert Hernandez filed complaints against Car–Biz in two separate actions. Each was awarded judgment against Car–Biz for damages in their respective cases. Each sought to collect its judgment against the motor vehicle dealer bond proceeds. Mr. Hernandez appeals from the judgment granting Intrust Bank's motion for summary judgment on the interpleader action and apportioning pro rata the proceeds of the motor vehicle dealer bond to Intrust Bank and to Mr. Hernandez. Intrust Bank cross-appeals the trial court's pro rata apportionment of the bond proceeds. The summary judgment of the trial court is reversed, and the case is remanded.

## Factual and Procedural History

Car–Biz operates a used car dealership in Missouri specializing in second-chance financing. As required by all used car dealers in Missouri, Car–Biz secured a motor vehicle dealer bond in the amount of $25,000 from Western Surety naming Car–Biz as the principal and the State of Missouri as the obligee. Under the bond, Western Surety agreed to indemnify "any person dealing or transacting business with [Car–Biz] for any loss sustained by any person by reason of the acts of [Car–Biz], provided such acts of [Car–Biz] constitute grounds for suspension or revocation of [Car–Biz's] license."

Car–Biz had a business relationship with Intrust Bank whereby Car–Biz would clean, repair, and sell vehicles repossessed by Intrust Bank. Under the terms of the consignment, Intrust Bank would place the repossessed vehicles on Car–Biz's lot for sale. Car–Biz would then sell the vehicles for the best price it could obtain, but for no less than the minimum sale price agreed to by Intrust Bank. Intrust Bank would retain possession of the vehicle's certificate of title until the car sold and Car–Biz paid Intrust the agreed minimum price. Intrust Bank would then assign the vehicle's certificate of title to the customer who purchased the car from Car–Biz's lot.

During a routine check, in December of 1997, for the presence of vehicles placed on Car–Biz's car lot, Intrust Bank found that two vehicles it had placed were missing. Intrust Bank later discovered that Car–Biz failed to pay Intrust Bank for eight of Intrust Bank's repossessed vehicles sold by Car–Biz. Intrust Bank never released the certificates of title to seven of those vehicles. Thus, the customers who purchased these vehicles did not receive the certificates of title from Intrust Bank for

the vehicles they purchased on Car–Biz's lot.

Intrust Bank filed suit against Car–Biz on March 20, 1998, alleging conversion, fraud, breach of contract, and unjust enrichment. Car–Biz appeared on June 4, 1998, and stipulated and consented to judgment on Intrust Bank's breach of contract claim in the amount of $63,500. All other counts of Intrust Bank's petition were dismissed with prejudice, along with Car–Biz's counterclaims against Intrust Bank. On the same day of the consent judgment, Intrust Bank sent the judgment to the Missouri Department of Revenue seeking payment of twenty-five thousand dollars from Car–Biz's motor vehicle dealer bond. The Missouri Department of Revenue thereafter forwarded a copy of Intrust Bank's judgment to Western Surety on June 10, 1998.

Meanwhile, Mr. Hernandez purchased a vehicle from Car–Biz in March of 1997. As part of the transaction, Car–Biz agreed that if Mr. Hernandez paid $2,784 and made installment payments to Car–Biz for the balance of the purchase price, Car–Biz would pay off the existing outstanding vehicle lien held by The Money Store Auto Finance, Inc. (The Money Store). When Car–Biz failed to pay the lien as promised, The Money Store repossessed Mr. Hernandez's vehicle.

Mr. Hernandez filed his petition alleging fraud and deceptive merchandising practices against Car–Biz on April 20, 1998. Car–Biz failed to appear, and a hearing on damages was set for June 10, 1999. Evidence was heard and judgment was entered in favor of Mr. Hernandez for $19,874.08 in damages and $1,778.00 in attorney's fees. On June 12, 1998, Mr. Hernandez sent his judgment to the Missouri Department of Revenue seeking payment from Car–Biz's bond. The Missouri Department of Revenue thereafter forwarded a copy of Mr. Hernandez's judgment to Western Surety on June 30, 1998.

Western Surety filed an interpleader action on August 6, 1998, to settle the conflicting claims of Intrust Bank and Mr. Hernandez to the proceeds of the bond. Intrust Bank filed a motion for summary judgment. After hearing arguments on the motion, the court sustained it, in part, and apportioned the bond proceeds pro rata, directing payment of $17,897.39 to Intrust Bank and $6,102.61 to Mr. Hernandez. Mr. Hernandez appeals from the trial court's grant of summary judgment in favor of Intrust Bank. Intrust Bank appeals from the trial court's pro rata distribution of the bond proceeds.

### Standard of Review

Appellate review of the propriety of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. *Id.* The grant of summary judgment will be affirmed when no genuine issues of material fact exist and the movant has a right to judgment as a matter of law. *State ex rel. Webb v. Hartford Cas. Ins. Co.*, 956 S.W.2d 272, 274 (Mo.App.1997).

### Dealer Bond Unavailable to Indemnify Breach of Contract Judgment

Mr. Hernandez contends that the trial court erred in granting summary judgment in favor of Intrust Bank because under § 301.560.1(4), RSMo Cum.Supp. 1999,[1] only losses sustained by reason of the prohibited dealer conduct constitute grounds for surety liability. Mr. Hernandez argues that Intrust Bank did not sustain its loss for any reason falling within

---

1. All statutory references are to the 1999 Cumulative Supplement of the Revised Statutes of Missouri.

the meaning of the statute, and certainly not by reason of Car–Biz's failure to transfer title to the purchasers of the vehicles. Thus, he contends, Intrust Bank was not entitled to indemnification on its consent judgment.

Section 301.560.1(4) requires that a used motor vehicle dealer furnish a bond in the sum of $25,000. The bond "shall be an indemnity for any loss sustained by reason of the acts of the person bonded when such acts constitute grounds for the suspension or revocation of the dealer's license." Section 301.560.1(4). Section 301.562.2 lists twelve grounds for suspending or revoking a motor vehicle dealer's license. The ground alleged to apply to both Mr. Hernandez's and Intrust Bank's judgments is the "obtaining or attempting to obtain any money, commission, fee, barter, exchange or other compensation by fraud, deception or misrepresentation." Section 301.562.2(5). The Missouri Department of Revenue, the obligee on the bond, is directed to pay out the proceeds of the bond upon receipt of "a final judgment from a Missouri court of competent jurisdiction against the principal and in favor of an aggrieved party[.]" Section 301.560.1(4).

■ Mr. Hernandez's judgment against Car–Biz for deceptive merchandising practices clearly constitutes a ground for suspension or revocation of Car–Biz's dealer license under the terms of § 301.562.2(5) since the basis for the judgment was Car–Biz's deception. Mr. Hernandez argues that Intrust Bank's judgment against Car–Biz does not qualify as a ground for suspension or revocation of Car–Biz's dealer license as required by § 301.560.1(4), since the consent judgment entered in favor of Intrust Bank and against Car–Biz was for breach of contract, and not for fraud, deception or misrepresentation. In response, Intrust Bank argues that it is not the nature of the claim upon which judgment is entered which determines whether indemnity is available. Rather, Intrust Bank asserts that § 301.560.1(4) provides for indemnification for a "loss sustained by reason of the acts of the person bonded

when such acts constitute grounds for the suspension or revocation of the dealer's license." Therefore, Intrust Bank argues that the eligibility for indemnification is determined by the nature of the acts, not the nature of the cause of action, upon which judgment was entered.

■ When interpreting a statute, courts are to "ascertain the intent of the legislature from the language used and give effect to that intent, if possible, and to consider the words used in their plain and ordinary meaning." *Butler v. Mitchell–Hugeback, Inc.,* 895 S.W.2d 15, 19 (Mo. banc 1995). Only when language is ambiguous, or when it leads to an illogical result, may courts look past the plain and ordinary meaning of a statute. *State ex rel. Md. Heights v. Campbell,* 736 S.W.2d 383, 387 (Mo. banc 1987). To determine whether a statute is clear and unambiguous, courts look to whether the language is plain and clear to a person of ordinary intelligence. *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988).

■ Considering the language of § 301.560.1(4), it is significant that the triggering event for payment of the proceeds of the bond is the receipt of a final judgment. The requirement of a final judgment before payment of the bond evidences the legislature's intent that the court look to the basis for the judgment in determining whether an aggrieved party is entitled to indemnification. As this court stated in *Marcomb v. Hartford Fire Ins. Co.,* 934 S.W.2d 17, 19 (Mo.App.1996), "[s]ection 301.560.1(4) presumes judgment on a ground for which the bond makes the surety liable." Therefore, under the plain and ordinary language of § 301.560.1(4), the basis of Intrust Bank's consent judgment must be either fraud, deception or misrepresentation, pursuant to § 301.562.2(5), in order for Intrust Bank to be entitled to indemnification.

■ Although the consent judgment, which was drafted by Intrust Bank, contains recitals asserting the legal conclusion that Car–Biz had acted in violation of

§ 301.562, judgment was entered on Intrust Bank's breach of contract claim, and all of Intrust Bank's other claims against Car–Biz, including its claim for fraud, were dismissed with prejudice. To make a claim for breach of contract, "the plaintiff must show the existence of a contract or agreement and the terms of that agreement, that the plaintiff performed or tendered performance, that the defendant did not perform, and that the plaintiff was thereby damaged." *Moravac v. Dave Littleton Ford, Inc.*, 838 S.W.2d 151, 153 (Mo. App.1992). A breach of contract claim does not include an element of fraud, deception, or misrepresentation. The trial court's conclusion in the consent judgment that Car–Biz acted with deception and in violation of § 301.562 in breaching its contract with Intrust Bank exceeds the determination required to dispose of the breach of contract claim, and thus is gratuitous surplusage. *See Missouri Rock, Inc. v. Winholtz*, 614 S.W.2d 734, 740 (Mo.App. 1981). Since Intrust Bank's breach of contract judgment is not a judgment on a ground listed in § 301.562.2 for suspending or revoking Car–Biz's motor vehicle dealer's license, Intrust Bank is not entitled to be indemnified by Car–Biz's motor vehicle dealer bond under § 301.560.1.[2]

The determination that Intrust Bank does not have a right to indemnity renders moot the remaining issues raised on appeal, so they will not be addressed. The summary judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

All concur.

---

2. The Missouri Attorney General filed an amicus brief urging this court to adopt the position of Mr. Hernandez that recovery under the Motor Vehicle Dealer Bond Statute should be directed toward consumers and away from those who knowingly accept and profit from financial relationships with motor vehicle dealers. Whether the legislature intended to limit the scope of the Motor Vehicle Dealer Bond statute by the nature of the claimant's relationship with the dealer need not be reached in this case, and the issue is not addressed.