**John E. HANNA and John E. Hanna Oldsmobile, Inc., Plaintiffs/Appellants,**

v.

**Donald DARR and Don Darr Pontiac, Inc., d/b/a Don Darr Chevrolet, Defendants/Respondents.**

**No. ED 84229.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 21, 2004.

Timothy Patrick O'Mara, Brian N. Burns, St. Louis, MO, for appellants.

Martin M. Green, Allen Patrick Press, Clayton, MO, for respondents.

WILLIAM H. CRANDALL, JR., Judge.

Plaintiffs, John E. Hanna and John E. Hanna Oldsmobile, Inc., appeal from the trial court's grant of summary judgment in favor of defendants, Donald Darr and Don Darr Pontiac, Inc., d/b/a Don Darr Chevrolet, in a breach of contract action. We reverse and remand.

The evidence established that in December 1997, Hanna and Darr[1] entered into an oral agreement to own and operate a Chevrolet dealership jointly, with Darr owning a 55 percent interest and Hanna owning a 45 percent interest. They also entered into an agreement to purchase property on which to operate their dealership. Both parties previously owned car dealerships which they were selling. The purchase of the property for the new dealership resulted in tax benefits to Hanna. In February 1998, the parties incorporated Darr–Hanna Chevrolet, Inc. in Missouri. In May 1998, Darr alone acquired a franchise for a Chevrolet dealership from General Motors and operated the dealership as Don Darr Chevrolet (hereinafter "the dealership"). He also leased the property that he and Hanna originally agreed to purchase. Hanna had no ownership interest in the dealership.

In June 2001, Hanna brought the present action against Darr for breach of contract. In his petition, he alleged that Darr breached the agreement with him to own and operate the dealership jointly and to purchase property on which to operate the dealership. He sought damages as follows: (1) for his expenses associated with starting up the dealership, including those for the purchase of the property on which to locate the dealership, totaling $57,082.14; (2) for his income tax liabili-

---

1. Although each party's previously-owned dealership was included as a party to this action, we refer to each of the parties in the singular for ease of understanding.

ties of $111,152.13 incurred because he did not reinvest the money obtained from the sale of his previously-owned car dealership; (3) for his lost salary of $11,000.00 per month; and (4) for his "lost profits." In June 2003, Hanna amended his petition to include as damages "the loss of [his] percentage of the value of the Chevrolet franchise." Hanna also retained an accountant, Barbara Thibodeau (hereinafter "the expert"), to furnish an opinion regarding the value of the dealership. The expert prepared a report and was deposed by Darr's counsel.

In January 2004, Darr filed a motion in limine to bar the expert from testifying. Darr challenged the expert's testimony because (1) Hanna had not pleaded the value of the dealership as damages, (2) the time to measure damages was at the time of the breach, not at the time of trial, and (3) the expert was not qualified. The court granted Darr's motion in limine and barred the expert from testifying concerning the fair market value of the dealership. After a hearing on Hanna's motion to set aside the court's order barring the expert's testimony, the parties agreed to treat Darr's motion in limine as a motion for partial summary judgment. The trial court granted Darr's motion for summary judgment, finding that the expert's testimony, as expressed in her report and in her deposition, was "not relevant." The court entered judgment in favor of Darr on Hanna's claim for a percentage of the value of the dealership. Hanna dismissed without prejudice his other claims against Darr, making the summary judgment final. *See* Rule 74.01(b). Hanna appeals from the trial court's grant of summary judgment on the basis of the exclusion of the expert's testimony.

■ In his sole point on appeal, Hanna contends that the trial court erred in excluding the testimony of his expert regarding the fair market value of the dealership, which formed the basis for the trial court's grant of summary judgment on Hanna's claim for a percentage of the value of the dealership.

Appellate review of a summary judgment is de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). We will uphold the grant of summary judgment on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. We view the record in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376. We accept as true facts contained in affidavits or otherwise in support of a party's motion unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

Once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.*

We first note that Darr's motion in limine, which the trial court treated as a motion for summary judgment, did not comply with Rule 74.04. Rule 74.04(c)(1) requires in relevant part that the movant "state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affida-

_header removed_

vits that demonstrate the lack of a genuine issue as to such facts...."

First, Darr's motion did not summarily state the legal basis for the motion. Darr's motion did not allege that material facts relevant to the case were uncontroverted. For example, the motion did not state that the issues either of breach of contract or of liability for such breach were uncontroverted. The only issue raised in Darr's motion was the propriety of the admission of the expert's testimony.

■ Second, Darr's motion did not meet the particularity requirements of Rule 74.04(c)(1) in that all material facts relevant to this case were not addressed in separately numbered paragraphs. In addition, with the exception of Darr's statements regarding Hanna's claim for damages for a percentage of the value of the dealership, Darr did not provide specific references to the pleadings, discovery, exhibits, or affidavits that demonstrated the lack of a genuine issue as to the facts. A summary judgment motion which fails to set forth each material fact in separately numbered paragraphs and fails to specifically reference supporting documentation is defective. *Siemens Building Technologies, Inc. v. St. John's Regional Medical Center*, 124 S.W.3d 3, 8 (Mo.App. S.D. 2004). Furthermore, Hanna did not comply with Rule 74.04(c)(2) in that he did not respond and "admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs."

■ Darr's failure to comply with the particularity requirements of Rule 74.04 and failure to give specific references to supporting documentation impedes proper appellate review. Non-compliance with these requirements is not a matter subject to waiver by a party. *Miller v. Ernst & Young*, 892 S.W.2d 387, 389 (Mo.App. E.D. 1995).

■ Third, Darr did not establish that he was entitled to summary judgment as a matter of law. In order to recover for breach of contract, Hanna had to prove: (1) the existence of a valid contract; (2) the rights and obligations of each party; (3) a breach; and (4) damages. *See Evans v. Werle*, 31 S.W.3d 489, 493 (Mo.App. W.D.2000). As the defending party, Darr was not required to controvert each element of Hanna's breach of contract claim in order to establish a right to summary judgment, but only needed to show that the facts negated any one of the elements of the claim. *See ITT Commercial*, 854 S.W.2d at 381. Yet, Darr did not attack any of the breach of contract elements in his motion, but merely challenged the admission of the expert's evidence regarding the fair market value of the dealership. This cannot be construed as a negation of the element of damages, because if breach was established, there may have been other ways for Hanna to measure damages and, at the very least, Hanna would be entitled to nominal damages.[2] Thus, Darr did not directly negate any one element of Hanna's breach of contract claim and did not establish that he was entitled to judgment as a matter of law. In essence, Darr attempted to convert the trial court's ruling on an evidentiary issue into a summary judgment on the issue of damages.

Because Darr's motion did not comply with Rule 74.04 and because he did not

2. In Missouri, it is a fundamental precept of contract law that nominal damages are available where a contract and its breach are established. *Carter v. St. John's Regional Medical Center*, 88 S.W.3d 1, 12 (Mo.App. S.D.2002). Proof of the existence of a contract and its breach make a submissible case on damages, no matter whether actual damages have been proven. *Id.*

establish that he was entitled to summary judgment as a matter of law, the trial court erred in granting summary judgment in favor of Darr.

Accordingly, the trial court's grant of summary judgment is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.

CLIFFORD H. AHRENS, Presiding Judge, KATHIANNE KNAUP CRANE, Judge: Concur.