**BEST BUY BUILDERS, INC.,**
Plaintiff/Respondent,

v.

**Robyn SIEGEL, Defendant/Appellant.**

No. ED 98620.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 24, 2013.

Eric J. Wulff, St. Charles, MO, for plaintiff/respondent.

Ted D. Disabato, St. Louis, MO, for defendant/appellant.

SHERRI B. SULLIVAN, J.

*Introduction*

Robyn Siegel (Siegel) appeals from the trial court's judgment in favor of Best Buy Builders, Inc. (Best Buy) on its Petition for Breach of Contract. We affirm.

*Factual and Procedural Background*

On November 2, 2009, Best Buy submitted a proposal to Siegel to perform work on her home. The proposal included the installation of hardwood flooring, modifications to the kitchen and bathrooms, repairs to the roof and chimney, removing wallpaper, painting, as well as other work throughout the home. The bid price was $29,592 (original bid).

After work began, Siegel requested significant changes in and additions to the work, including installing ceramic tile, additional improvements to the kitchen and bathrooms, relocating electrical and plumbing, drywall work, cleaning the gutters, and repairing a leak on the porch. These modifications to the original plans were not reduced to writing. William Bartlett (Bartlett), one of Best Buy's owners and employees, testified that the changes made by Siegel increased the cost of the project by $8,978. Bartlett testified

he did not specifically tell Siegel the cost for the changes. Bartlett introduced into evidence a copy of the original bid and invoices from Bartlett to Siegel with amounts ranging from $35,512.50 to $38,570.00.

Bartlett testified he discussed with Siegel the fact that the changes were beyond her budget but that Siegel wanted to proceed anyway. Bartlett testified Siegel requested to do some of the work herself to offset some of the costs. Bartlett gave Siegel a $5,000 credit for flooring work she performed and a $1,000 credit for removing the wallpaper. Bartlett testified the cost was also reduced because he was able to repair Siegel's garage door openers instead of having to replace them as intended in the original proposal.

Siegel testified she never agreed to pay more than the original bid amount and she believed that the credits she was receiving were enough to cover all of the additional work being done. Siegel testified Bartlett never communicated to her that the work would cost more than the original bid. Siegel maintained that had Bartlett communicated what the final cost would have been, she would not have had him do the work because she could not afford it.

Best Buy completed work in May 2010 and made demand for payment on June 2, 2010. Siegel paid Best Buy $29,592, the amount of the original bid, and refused to pay the remaining balance. In February 2011, Best Buy filed a Petition for Breach of Contract.

On February 28, 2012, the trial court entered its Order and Judgment finding in favor of Best Buy in the amount of $5,000 plus interest. The court found that while there were no clear statements by either side as to the additional costs of the modifications to the original bid, it was clear that both parties were aware there would be additional costs incurred. This appeal follows.

*Standard of Review*

We will affirm the trial court's judgment unless there is no substantial evidence to support the decree, it is against the weight of the evidence, or it erroneously declares or applies the law. *Lagermann v. Farm Bureau Town and Country Ins. Co. of Missouri*, 356 S.W.3d 780, 784 (Mo.App.S.D.2011). In reviewing a court-tried case, this court views all the evidence and inferences in the light most favorable to the judgment and disregards all contrary evidence and inferences. *Id.* The credibility of the witnesses and the weight of their testimony is a matter within the trial court's discretion. *Id.*

*Discussion*

In order to recover for breach of contract, Best Buy had to prove: (1) the existence of a valid contract; (2) the rights and obligations of each party; (3) a breach; and (4) damages. *Hanna v. Darr*, 154 S.W.3d 2, 5 (Mo.App.E.D.2004). To make a submissible case, substantial evidence must support every fact essential to liability and establish every element necessary to recovery. *Boyer v. Sinclair & Rush, Inc.*, 67 S.W.3d 627, 632–33 (Mo.App.E.D. 2002). Substantial evidence is that which a reasonable mind would accept as sufficient to support a particular conclusion, granting all reasonable inferences which can be drawn from it. *Farmers and Merchants Ins. Co. v. Harris*, 814 S.W.2d 332, 334 (Mo.App.S.D.1991).

In her first point, Siegel argues the trial court erred in granting judgment in favor of Best Buy because it failed to meet its burden at trial in proving the rights and obligations of the parties, in that Best Buy failed to establish it was entitled to a substantial increase in price under the agree-

ment. Siegel acknowledges the "existence of the validity of the agreement itself is unquestioned" but contends that Best Buy failed to present substantial evidence of Siegel's obligation to pay the demanded price and, by extension, has failed to prove that Siegel breached the agreement by refusing to pay more than the originally bid price. Siegel argues Best Buy did not prove that she agreed to the vast increase in the price over the initial contract or that after the credits earned by her were applied she breached the contract.

■■■ The parties began with a written contract but made significant oral modifications to the contract following its execution. "When the parties modify an existing contract they are making a new contract; it is only enforceable if there is mutual assent and consideration." *Guidry v. Charter Commun., Inc.*, 269 S.W.3d 520, 528 (Mo.App.E.D.2008). To determine whether there was a meeting of the minds, we look to the parties' objective manifestations of intent. *Id.* "A meeting of minds occurs when there is a definite offer and an unequivocal acceptance." *Id.*

■■■ A contractual relationship, however, may arise without the formalities of offer and acceptance. *Guidry*, 269 S.W.3d at 528–29. "The parties' actions must support a reasonable inference of mutual understanding and agreement that one party perform and the other party compensate for such performance." *Id.* at 529. "The parties' course of conduct may lead to the necessary implication that a contractual obligation exists." *Id.*

■■■ Here, the parties' actions support a reasonable inference of mutual understanding and agreement that Best Buy would perform the requested work and that Siegel would compensate Best Buy for such work. Siegel requested numerous upgrades to the original contract. Bartlett testified he advised Siegel these changes would increase the cost of the original bid and that despite this knowledge, Siegel insisted upon the changes. Although Siegel testified she believed the credit she received for the work she performed would completely offset the increased costs, the court was free to believe Best Buy's evidence and to disbelieve Siegel's. Best Buy presented substantial evidence upon which the court could find that Siegel agreed to pay more than the original bid price for the upgrades she requested. The trial court did not err in finding Siegel breached the parties' contract. Point I is denied.

In her second point, Siegel argues the trial court erred in awarding Best Buy damages in the amount of $5,000 plus interest because Best Buy did not demonstrate the level of damages with reasonable certainty, in that the court found that there were no clear statements by either side as to the additional costs incurred as part of the changes to the contract.

■■■ An award of damages must be supported by competent and substantial evidence. *Guidry*, 269 S.W.3d at 532–33. "Damages are not recoverable for loss beyond an amount that the evidence establishes with reasonable certainty, but not absolute certainty." *Harvey v. Timber Resources, Inc.*, 37 S.W.3d 814, 819 (Mo. App.E.D.2001). "Certainty" means that damages have been suffered and not exact proof of the amount of the damages. *Id.* Best Buy had the burden of presenting a basis for a rational estimate of damages without resorting to speculation. *Am. Laminates, Inc. v. J.S. Latta Co.*, 980 S.W.2d 12, 23 (Mo.App.W.D.1998). The amount of damages is a matter for the factfinder to decide. See *Harvey*, 37 S.W.3d at 820.

■■■ Here, Best Buy presented evidence that the changes requested by Sie-

gel resulted in increased costs in material and labor and it was damaged by Siegel's failure to pay for these costs. The court was free to weigh all the evidence presented as to the work that was performed, the cost of the changes requested and the credits earned and received by Siegel, and to make a determination of the proper amount of damages. Obviously, the court believed and disbelieved parts of both Siegel's and Best Buy's evidence on this issue as the court did not award Best Buy all of the damages it requested. Best Buy presented competent and substantial evidence establishing with reasonable certainty the damages it incurred as a result of Siegel's breach. Point II is denied.

### Conclusion

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and ROBERT G. DOWD, JR., J., concur.